OWENS, BARCAVAGE AND MCINROY, LLC
BY:  Matthew L. Owens, Esquire
Attorney I.D. No. 76080
2595 Interstate Drive, Suite 101
Harrisburg, PA  17110
(717) 909-2500
Attorney for Pamela Schroff

| | |
|---|---|
| PAMELA J. SCHROFF, | : |
|             Plaintiff | : |
| | : |
|    v. | : |
| | : |
| PENNSYLVANIA STATE POLICE | : |
| TROOPER RICHARD LEWIS and | : |
| PENNSYLVANIA STATE POLICE | : |
| TROOPER SCHAFFER (first name | : |
| unknown), | : |
|             Defendants | : |

## COMPLAINT

### INTRODUCTORY STATEMENT

1.  This is a civil rights Complaint where private citizen and Plaintiff, Pamela J. Schroff, brings this action under 42 U.S.C. §1983 and §1986 against the above-named Defendants for violation of Plaintiff's civil rights secured by the Constitution of the United States under the Fourth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff further brings pendent state claims against the above-named Defendants for assault, battery and false imprisonment for severe physical injuries occurring on December 30, 2008.  Plaintiff alleges severe physical injuries as well as emotional injuries in addition to civil rights damages.   Plaintiff seeks punitive damages in addition to the aforementioned damages in this Complaint and in this case.

### JURISDICTION

2.  This action invokes federal question jurisdiction in that it is brought pursuant to 42 U.S.C. §1983 for violation of the Fourth Amendment of the U.S. Constitution.  Jurisdiction of

the Court is based upon 28 U.S.C. §§1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate related state law claims.

## VENUE

3.   Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(2) since a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this district.

## PARTIES

4.   Plaintiff, Pamela Jean Schroff is an adult individual residing in Chambersburg, PA 17201, and is a citizen of the United States.

5.   Defendant, Pennsylvania State Police Trooper Lewis (hereinafter Trooper Lewis) is a state trooper for the Pennsylvania State Police who committed the acts or omissions alleged in this Complaint and at all times relevant to this action.  Defendant Lewis is sued in his official and individual capacity.  Upon information and belief, Defendant Trooper Lewis works out the Carlisle Barracks which falls under the direction of Pennsylvania State Police Headquarters located at 1800 Elmerton Avenue, Harrisburg, PA 17110.

6.   Defendant, Pennsylvania State Police Trooper Schaffer (hereinafter Trooper Schaffer) is a state trooper for the Pennsylvania State Police who committed the acts or omissions alleged in this Complaint and at all times relevant to this action.  Defendant Schaffer is sued in his official and individual capacity.  Upon information and belief, Defendant Schaffer Lewis works out the Carlisle Barracks which falls under the direction of Pennsylvania State Police Headquarters located at 1800 Elmerton Avenue, Harrisburg, PA 17110.

7.   At all times here and mentioned both of the Defendants were acting under color of state law.

## RIGHTS VIOLATED

8. Plaintiff alleges her Fourth and Fourteenth Amendment Rights to be free of excessive and unnecessary force were violated by Defendants causing severe physical and emotional injuries as well as her rights to be free from unlawful search and seizure and false arrest.

## OPERATIVE FACTS

9. On December 30, 2008, Plaintiff was employed by Manor Care Health Services, worked at the Manor Care facility located at 940 Walnut Bottom Road, Carlisle, PA and had been employed in the social services department for over seven (7) years.

10. At approximately 2:45 in the afternoon, Plaintiff was informed by her supervisor or by management that she was being terminated and she was told to gather her belongings from her office and leave the building.

11. Prior to this date, Plaintiff's father Joseph Ziukas was a resident at the Manor Care facility.

12. Plaintiff visited with her father on a daily basis prior to the incident which underlies this Complaint.

13. Plaintiff had been involved in a complaint as well as allegations regarding another employee at the facility and that particular employee's relationship with her father and the possible theft of financial assets and other items from her father.

14. These complaints were being investigated and had been lodged against not only the other employee but the Manor Care facility and various staff members.

15. Plaintiff had previously employed an attorney who was assisting her in the matter involving her father and at the time she was told she was being terminated, she asked if she could

contact her attorney. She was not permitted time to contact her attorney, and decided to visit the lawyer in person for confidentiality reasons.

16. Plaintiff was gone approximately twenty (20) minutes at the time she went to visit her attorney.

17. When Plaintiff returned, she was in the process of cleaning her office out for her exit when she realized that her father, who was elderly and suffering from a number of ailments including mental illnesses, had not been visited that day and would be worried and possibly suffer ill health effects if she did not visit him as she had done every day prior while he was a resident and during her employment at the facility.

18. Plaintiff went to see her father for a visit, as the child of a patient and as a visitor which was permitted according to the rules and regulations of the facility since she was no longer employed due to her termination, after asking permission to do so of Tasha Klinedist.

19. Ms. Klinedist, the HR Director at the facility, followed the Plaintiff to her father's room despite not being invited to do so.

20. Wanting to have a private visit with her father as visitors and relatives of residents are permitted to do, the Plaintiff requested that Ms. Klinedist an employee of the facility, leave her alone and asked to speak with her father in private to inform him what had occurred and subsequently closed the door to her father's room.

21. Ms. Klinedist threw open the door and walked in to continue to watch the Plaintiff.

22. At that time, the Plaintiff was seated on her father's bed and was trying to talk to him when she was startled by the door opening and immediately went to exit her father's room to request privacy by management as a visitor but was blocked from doing so by Klinedist.

23. As the Plaintiff exited the room, there was physical contact between the two as there was not enough room sufficient for Plaintiff to exit the room.

24. The Plaintiff returned to her office and at this time Klinedist, Cindy Bender, a nurse practitioner at the facility and Steve Cotzee, an administrator at the facility, were gathered around her office in the hallway.

25. Apparently, the staff at Manor Care contacted the State Police believing they needed assistance to remove Plaintiff from the facility.

26. One of the employees of the facility, Cindy Bender, brought boxes to assist Plaintiff in her packing of her office items and Plaintiff began packing her things.

27. At that point, two Pennsylvania State Troopers, Defendants Lewis and Schaffer entered the building and were directed to Plaintiff's office.

28. The Defendant troopers indicated that they were there to see that the Plaintiff exited the building and further informed the Plaintiff that she should hurry up in packing her office.

29. The Plaintiff indicated that she would, and continued packing her things as quickly as possible in compliance with the Defendant troopers' orders.

30. The Plaintiff was in the process of packing her things as quickly as possible when Defendant Lewis and/or Schaffer became agitated and impatient and stated that she needed to hurry up and that he had places to be or places to go.

31. The Plaintiff indicated that she was going as fast as she could and continued to pack her things as she had a right to do and was informed she could do by the staff at the Manor Care facility.

32. The Plaintiff continued to pack her things as quickly as possible not knowing if she would ever be able to retain not only things of monetary value but things of personal value to her that were maintained in her office for the years she worked at the Manor Care facility.

33. Defendant Lewis and/or Defendant Schaffer then told the Plaintiff that she had enough time and she was to immediately exit the building.

34. The Plaintiff began to inform the Defendant troopers that she was almost finished and as she was speaking she was immediately, viciously and violently grabbed by Defendant Lewis and/or Schaffer and thrown to the floor.

35. The trooper being of a much larger size than Plaintiff, threw himself on top of the Plaintiff and more specifically with his knee and/or foot on her back causing severe and excruciating injuries to the Plaintiff.

36. At the time the Plaintiff was thrown to the floor, she first impacted her knees and in particular her right knee which had recently been operated on with a total knee replacement which was severely injured in the incident.

37. The Plaintiff screamed in pain and yelled to the Defendant troopers that they were hurting her and to stop to no avail.

38. The Defendant trooper Lewis and/or Schaffer, after throwing the older and much smaller Plaintiff to the ground, ultimately handcuffed the Plaintiff, picked her up, and walked her through the facility causing severe embarrassment and anguish.

39. Ultimately, the Defendant troopers exited the building with Ms. Schroff in custody and placed her into the State Police cruiser removing her from the scene.

40. The Affidavit of Probable Cause and Criminal Complaint in this case indicates that Defendant Trooper Lewis was the trooper that took Plaintiff into custody, however, Plaintiff

does not recall the name of the individual troopers and alleges at this time that she only knows it was **EITHER** Trooper Lewis or Trooper Schaffer.

41. In addition, one of the Defendant troopers present was a supervisor or ranking officer and failed to stop the other from engaging in unlawful, excessive and unreasonable force in taking Plaintiff into custody.

42. The Plaintiff was ultimately charged with 7 crimes one of which Judge Hess found her guilty of (Defiant Trespass) and Plaintiff received a sentence of probation.

43. As a result of the excessive force used, the Plaintiff suffered severe knee injuries as well as neck and back injuries and furthermore suffered mental and emotional anguish, distress and related injuries.

44. The Plaintiff has been forced to incur extensive medical treatment for her injuries and furthermore required surgical intervention by a number of surgeons and/or physicians to treat the severe injuries received at the hands of the Defendant trooper or troopers.

45. By reason of the Plaintiff Pamela Schroff's injuries described above she has received medical care including multiple surgeries and will in the future be required to receive said care to recover from the injuries she suffered in this incident.

46. As a result of the unconstitutional acts of the Defendant Troopers Lewis and Schaffer as described above, Plaintiff Pamela Schroff has suffered and will continue to suffer mental and physical pain, great difficulty in carrying out and engaging in life's activities, a loss of life's pleasures and enjoyment, humiliation and embarrassment.

47. Plaintiff Pamela Schroff has and will in the future sustain a loss of earnings and an impairment to her earning capacity.

48. Plaintiff Pamela Schroff has been forced to expend sums of money for medical services, medication and therapy in the past and may be required to continue to do so in the future.

49. All of Plaintiff Pamela Schroff's injuries as herein described are continuing and will continue into the foreseeable future, as will the treatment costs thereof.

## CONSTITUTIONAL VIOLATIONS

50. The *Fourth Amendment to the U.S. Constitution* provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

51. The *Fourteenth Amendment to the U.S. Constitution* provides in relevant part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amed. XIV.

## CAUSES OF ACTION

**COUNT ONE – FEDERAL CIVIL RIGHTS VIOLATION**
**4th and 14th Amendment – Excessive Force**
**Against Defendant Officer Lewis, in his individual capacity as a Pennsylvania State Police Officer**
**Against Defendant Officer Schaffer, in his individual capacity as a Pennsylvania State Police Officer**

52. Plaintiff incorporates by reference paragraphs 1 through 51 of the instant Complaint.

53. Defendant Officer Lewis and Defendant Officer Schaffer are state actors who acted under color of state law and in a manner that deprived Plaintiff of her Constitutional rights to be free from excessive force without probable cause and due process of law as guaranteed by the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution.

54. Defendant Troopers Lewis and/or Schaffer engaged in excessive, unnecessary, and unreasonable force when taking the Plaintiff into custody on the date of the incident in question.

55. As a direct and proximate result of Defendant Officer Lewis and Defendant Office Schaffer's conduct, Plaintiff sustained damages and suffered the following injuries:

a. Violation of her constitutional rights under the 4th Amendment to the United States Constitution;

b. Severe physical injuries, emotional harm, humiliation, and pain and suffering that occurred because of the unlawful seizure and false arrest.

c. Loss of liberty and financial losses, including attorney fees, costs and other expenses all to her detriment and harm.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Officer Lewis and Defendant Officer Schaffer for the following:

A. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' actions have subjected Plaintiff to excessive force in violation of 42 U.S.C. §1983.

B. Award compensatory damages to Plaintiff.

C. Award punitive damages to Plaintiff.

D. Award cost of suit to include disbursements and attorney's fees.

E. Grant such other and further relief as the Court deems fair and equitable.

56. A jury trial as to this count.

**COUNT TWO – FEDERAL CIVIL RIGHTS VIOLATION**
**4th Amendment – unlawful seizure and false arrest**
**42 U.S.C. §1983**
**Against Defendant Officer Lewis, in his individual capacity as a Pennsylvania State Police Officer**

**Against Defendant Officer Schaffer, in his individual capacity as a Pennsylvania State Police Officer**

57. Plaintiff incorporates by reference paragraphs 1through 56 of the instant Complaint.

58. Defendant Officer Lewis and Defendant Officer Schaffer are state actors who acted under color of state law and in a manner that deprived Plaintiff of her Constitutional rights to be free from unlawful seizure and arrest without probable cause and due process of law as guaranteed by the Fourth Amendment to the U.S. Constitution.

59. As a direct and proximate result of Defendant Officer Lewis and Defendant Office Schaffer's conduct, Plaintiff sustained damages and suffered the following injuries:

   a. Violation of her constitutional rights under the 4th Amendment to the United States Constitution;

   b. Severe physical injuries, emotional harm, humiliation, and pain and suffering that occurred because of the unlawful seizure and false arrest.

   c. Loss of liberty and financial losses, including attorney fees, costs and other expenses all to her detriment and harm.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Officer Lewis and Defendant Officer Schaffer for the following:

   A. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' actions have subjected Plaintiff to unlawful seizure and false arrest in violation of 42 U.S.C. §1983.

   B. Award compensatory damages to Plaintiff.

   C. Award punitive damages to Plaintiff.

   D. Award cost of suit to include disbursements and attorney's fees.

   E. Grant such other and further relief as the Court deems fair and equitable.

    F.    A jury trial as to this count.

### COUNT THREE – FEDERAL CIVIL RIGHTS VIOLATION
### False Arrest Supervisory Violations of the Fourth Amendment
### 42 U.S.C. §1983 and §1986
### Against Defendant Officer Lewis in his individual capacity
### Against Defendant Officer Schaffer in his individual capacity

60. Plaintiff incorporates by reference paragraphs 1 through 59 as if fully set forth herein.

61. Defendant Officer Lewis and Defendant Officer Schaffer acted in a manner that deprived Plaintiff of her constitutional right to be free of unlawful seizure and arrest without probable cause as guaranteed by the Fourth Amendment.

62. Defendant Officer Lewis and/or Schaffer had supervisory authority over Defendant Officer Lewis and/or Schaffer's use of force and arrest authority.

63. Upon information and belief, Plaintiff alleges that Defendant Officer Lewis and/or Schaffer knew Defendant Officer Lewis and/or Schaffer routinely engaged in behavior that was likely to violate the 4th Amendment rights of Plaintiff.

64. Defendant Officer Lewis and/or Schaffer was aware of, but indifferent to, the unreasonable risk of harm to Plaintiff of a failure to adequately train police officers on the lawful use of force and arrests.

65. Defendant Officer Lewis' and/or Schaffer's indifference to his supervisory authority over the lawful use of force and arrests policy was the moving force bending the causation of the violation of Plaintiff's Fourth Amendment rights.

66. Supervisor Defendant Lewis and/or Defendant Schaffer had a duty under 42 U.S.C. §1986 to report the civil rights violations which occurred on the date of the incident in question and therefore Defendants are liable.

    WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Lewis and/or Schaffer for the following:

    A.    Enter a declaratory judgment, pursuant to Rule 57 of the Fedearl Rules of Civil Procedure, stating that Defendant's actions have subjected Plaintiff to excessive force in violation of 42 U.S.C. §1983.

    B.    Award compensatory damages to Plaintiff.

    C.    Award punitive damages to Plaintiff.

    D.    Award cost of suit to include disbursements and attorney's fees.

    E.    Grant such other and further relief as the Court deems fair and equitable.

    F.    A jury trial as to this count.

**COUNT FOUR – SUPPLEMENTAL STATE CLAIMS**
**Assault**
**Against Defendant Officer Lewis in his individual capacity**
**Against Defendant Officer Schaffer in his individual capacity**

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. Defendant Officer Lewis and Defendant Officer Schaffer intentionally caused Plaintiff to suffer imminent apprehension of harmful or offensive bodily contact.

69. Defendant Officer Lewis and Defendant Officer Schaffer's actions were willful and malicious.

70. As a result of Defendant Officer Lewis and Defendant Officer Schaffer's conduct, Plaintiff suffered and continued to suffer pain and suffering, humiliation, emotional distress, and mental anguish.

**COUNT FIVE – SUPPLEMENTAL STATE CLAIMS**
**Battery**
**Against Defendant Officer Lewis in his individual capacity**
**Against Defendant Officer Schaffer in his individual capacity**

71. Plaintiff incorporates by reference paragraphs 1 through 70 as if fully set forth herein.

72. Defendant Officer Lewis and Defendant Officer Schaffer intended to cause offensive contact to Plaintiff.

73. Defendant Officer Lewis and Defendant Officer Schaffer intended to cause harmful or offensive contact to Plaintiff by grabbing her and slamming her to the floor, throwing himself and knee into Plaintiff's back and forcing her to remain in place and then handcuffing her.

74. Defendant Officer Lewis and Defendant Officer Schaffer's acts directly resulted in harmful and offensive contact to Plaintiff.

75. Defendant Officer Lewis and Defendant Officer Schaffer's contact was offensive and would offend a reasonable person's personal sense of dignity.

76. As a result of Defendant Officer Lewis and Defendant Officer Schaffer's conduct, Plaintiff suffered and continued to suffer pain and suffering, humiliation, emotional distress and mental anguish.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Officer Lewis and Defendant Officer Schaffer for the following:

A. Award compensatory damages to Plaintiff, including harm to her reputation, financial losses, emotion stress and mental anguish and humiliation.

B. Award punitive damages to Plaintiff.

C. Award cost of suit to include disbursements and attorney's fees.

D. Grant such other and further relief as the Court deems fair and equitable.

E. Jury trial as to this count.

### COUNT SIX – SUPPLEMENTAL STATE CLAIMS
**False Imprisonment**
**Against Defendant Officer Lewis in his individual capacity**
**Against Defendant Officer Schaffer in his individual capacity**

77. Plaintiff incorporates by reference paragraphs 1 through 76 as if fully set forth herein.

78. Defendant Officer Lewis and Defendant Officer Schaffer intentionally and unlawfully confined Plaintiff.

79. Defendant Officer Lewis and Defendant Officer Schaffer's intentional acts did confine Plaintiff.

80. Plaintiff was both conscious of and harmed by the confinement.

81. Plaintiff's confinement was unlawful.

82. As a result of Defendant Officer Lewis and Defendant Officer Schaffer's conduct, Plaintiff suffered and continued to suffer pain and suffering, humiliation, severe emotional distress, and mental anguish.

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendant Officer Lewis and Defendant Officer Schaffer for the following:

A.  Award compensatory damages to Plaintiff, including harm to her reputation, financial losses, emotion stress and mental anguish and humiliation.

B.  Award punitive damages to Plaintiff.

C.  Award cost of suit to include disbursements and attorney's fees.

D.  Grant such other and further relief as the Court deems fair and equitable.

E.  Jury trial as to this count.

WHEREFORE, Plaintiff demands judgment of the Defendants jointly and severally for the deprivation of her 4th and 14th Amendment rights to be free of excessive and unnecessary force, unlawful seizure and false arrest, assault, battery and false imprisonment while being taken into custody together with damage for pain and suffering, for humiliation and embarrassment, for emotional stress, fees, attorney's fees, and such other relief as the court may deem appropriate.

                                        OWENS BARCAVAGE AND MCINROY, LLC.

DATE: _____        BY: _____
                                                      Matthew L. Owens, Esquire
                                                        ID# 76080
                                                        2000 Linglestown Road, Suite 303
                                                        Harrisburg, PA  17110
                                                        (717) 909-2500